PER CURIAM.
The respondent acted as executor and attorney for the Estate of Emily Ferrier Spear, deceased. Letters testamentary were issued by the County Judge of Palm Beach County, Florida, on January 8, 1963. Respondent served until August 16, 1967, when he resigned.
Respondent did not file inventory of assets until November 12, 1965. His explanation for this delay was that he did not file inventories in estates until the Federal Estate Tax return had been filed. This delay is not authorized by Florida law (See Florida Statutes § 733.03, F.S.A.).
No financial accounting, annual or otherwise, was filed by the executor until June 1, 1966 (See Florida Statutes § 733.43, F.S.A.). This was done after heirs of the estate obtained independent counsel to represent their interests. Respondent’s explanation was that his custom was not to file any annual accounting and that he felt the Statute was not mandatory.
Respondent paid his law firm legal fees of $49,000.00. He paid himself also $37,-500.00 as legal fees and executor’s fees. No court orders were obtained authorizing any of these.
Subsequent to his resignation, the County Judge’s Court found, on July 15, 1968, that respondent was entitled to $12,300.00 for his services as executor and $23,400.00 as reasonable attorney’s fees. The Court disallowed certain other sums paid by him from the estate in connection with an ancillary proceeding. The Court ordered respondent to reimburse the estate approximately $65,000.00. This order was affirmed on appeal to the District Court of Appeal, Fourth District. Respondent repaid the money as ordered.
Mary Carr Spear died a resident of New York, Suffolk County in 1959. Her daughter, Emily Ferrier Spear, mentioned above, was appointed executrix of her estate and the respondent, who is also a licensed attorney in New York, acted as attorney for the estate. He associated a New York attorney to assist him.
Emily Ferrier Spear died in December of 1962 and respondent became successor executor of the Mary Carr Spear Estate and served until he was removed by the Surrogate in the Fall of 1968. The assets of that estate were $1,100,000.00. Respondent paid his law firm $28,000.00 and paid himself as executor, commissions, and legal fees, the sum of $82,250.00. • He paid the attorney $36,000.00 as fees and $10,000.00 in fees to still another attorney in New York. He paid $8,450.00 for accounting services to an accountant. All of the foregoing payments were made without court order. New York law forbids payment of counsel fees without court approval.
Respondent did not file an accounting in the Mary Carr Spear Estate until 1968 after a petition for his removal had been filed by some of the heirs.
Respondent entered into a settlement with the legatees on the date of trial in this matter wherein he agreed to repay to the Estate of Mary Carr Spear the sum of $301,516.58. Under said agreement he paid to the estate $101,516.58 and executed and delivered to the estate his promissory note in the amount of $200,000.00 payable over 240 months. This arrangement was approved by the Surrogate’s Court of New York on January 14, 1969. The note was approved by a New York Court with agreement of the legatees. It is not the responsibility of this Court to help collect it.
The misconduct here was improper but we find no evidence of actual larceny.
The respondent is 58 years of age, a graduate of Harvard Law School, a member of the New York Bar since 1937 and of the Florida Bar since 1945. Respondent has been a civic leader and successful lawyer in Palm Beach County since World War II. This Court is unmindful of any other charges being made against the respondent either in Florida or New York in connection with his legal career. This profession *708 al record is taken into consideration by the Court in connection with this order.
It is ordered and adjudged that respondent, Henry F. Richardson, be, and he is hereby, suspended from the practice of law in Florida beginning February 1, 1971, for a period of twelve (12) months, and thereafter until he shall have demonstrated to the Board of Governors of The Florida Bar and to this Court that he is entitled to be reinstated in the practice of law in accordance with Article XI, Rule 11.10 of the Integration Rule, 32 F.S.A.
It is further ordered and The Florida Bar do have and recover of the respondent, Henry F. Richardson, its costs in the sum of $398.50, for which let execution issue.
It is so ordered.
ROBERTS, C. J., ERVIN, ADKINS and BOYD, JJ., and DREW, J. (Retired) concur.